IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLAN OWENS,

                        Plaintiff,

   v.

JON LITSCHER, RANDALL HEPP,
CHRIS KRUEGER, JOHN MAGGIONCALDA,        OPINION and ORDER
STEVE BETHKE, T. KISER, J. LABELLE,
PETE GALLUM, RANDY MATTISON,                17-cv-611-jdp
C. WHITMAN, ROBERT FRANKS,
JOHN & JANE DOES 1-10, STEVEN L. SISBACH,
W. WEISENSEL, and DAVID BARKHAHN,

                        Defendants.

---

Plaintiff Allan Owens, appearing pro se, is an inmate at Fox Lake Correctional Institution (FLCI). Owens is one of many prisoners who filed lawsuits alleging that water at the prison contained unsafe amounts of lead, copper, and other contaminants. This opinion concerns Owens's amended complaint about prison staff's failure to properly treat his medical problems that he believes were caused by the contaminated water.

Earlier, I consolidated several prisoners' claims with Owens's, recruited counsel for the plaintiffs, and appointed water and medical/toxicology experts. I ultimately granted summary judgment to defendants on plaintiffs' conditions-of-confinement claims that DOC officials consciously disregarded the risk of harm from the contaminants in the water. Dkt. 89; *Stapleton v. Carr*, 438 F. Supp. 3d 925 (W.D. Wis. 2020). The undisputed evidence showed that the defendants had not acted with conscious disregard to the water problems at FLCI, but that instead, they successfully remediated the lead and copper in the water to concentrations well below government-mandated thresholds. *Id.* at 938–40. My decision did not resolve medical

care claims about the health risks posed by FLCI's water to particular inmates and the treatment of medical conditions that were caused by the water. After the court-appointed medical and toxicology expert received medical records from both consolidated and unconsolidated plaintiffs and issued his report, I granted court-recruited counsel's motion to withdraw and I lifted the stay in each FLCI water case. I directed each plaintiff to submit an amended complaint limited to the individual plaintiff's medical care claims. Dkt. 137.

Owens has filed an amended complaint, Dkt. 143. Owens alleges that he has high blood pressure and liver and kidney problems that caused him severe pain. Defendant Nurse Robert Franks told him that his problems were caused by contaminants in the water, but defendants Warden Randall Hepp, Warden M. Meisner, Dr. Larson, and C. Whitman blocked attempts to test Owens for metals in his blood. Defendants Franks, Larson, and Dr. Ray Palop prescribed him ineffective over-the-counter medications for his pain and did not attempt to treat him with stronger medications. On one occasion, Owens's pain was so severe that a sergeant sent him to see medical staffer Roger Krantz. Krantz took Owens's temperature and set an appointment for weeks in the future, but he did nothing to treat Owens's pain. Owens's allegations are sufficient to state Eighth Amendment medical care claims against Franks, Hepp, Meisner, Larson, Whitman, Palop, and Krantz.

Owens also contends that defendants were negligent in failing to provide him with adequate medical care. Under Wisconsin law, a claim for medical malpractice, "as all claims for negligence, requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. Owens's allegations are enough to state medical malpractice or negligence claims against those defendants. Owens adds that Larson and Palop continued to prescribe him

Tylenol and non-steroidal anti-inflammatory drugs (NSAIDs) even though such drugs are counterindicated for patients with liver and kidney damages. I will grant Owens leave to proceed on additional state-law medical malpractice claims against Larson and Palop concerning these allegations.

Owens alleges that he twice had liver scans performed by defendant technician Paul Whitehead. Owens states that at defendant Whitman's direction, Whitehead altered the results to make it appear that Owens had not sustained as much liver damage as he actually had: Whitehead reported lower numerical readings for liver damage than Owens could see displayed during the procedure. Defendants Hepp, Meisner, and Whitman delayed and denied other attempts to have Owens's liver scanned. Based on the fabricated scan results, a doctor ruled out non-alcoholic fatty liver disease. I take Owens to be saying that the falsified results led to him receiving less intensive treatment that has harmed him. I will grant Owens leave to proceed on Eighth Amendment and medical malpractice or negligence claims against Whitehead, Hepp, Meisner, and Whitman regarding his liver scans.

Owens alleges that defendant William Weisensel, the prison employee who collected water samples for contaminant testing, violated the standards used for collecting water for such tests by running the water before taking samples instead of collecting stagnant water. Owens believes that the report issued by court-appointed medical and toxicology expert Alfred Franzblau is inaccurate because of this violation. Those allegations do not state separate claims for relief in this lawsuit, but Owens is free to present evidence challenging Franzblau's report or other evidence submitted by defendants as the case proceeds to the summary judgment or trial stages.

Owens has filed a proposed supplemental complaint, Dkt. 146. But the proposed supplement does not state any claims for relief so I will not consider it part of the operative complaint. Owens contends that defendant medical officials violated the Health Insurance Portability and Accountability Act (HIPAA) by sharing his confidential medical information with non-medical defendants wardens Hepp and Meiser. But individuals cannot sue to enforce their rights under HIPAA. *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). So Owens does not state a claim for relief under HIPAA.

Owens also alleges that defendant Nurse Jessica Bassuener incorrectly arranged his medical file that was eventually sent to Owens's court-recruited attorneys and Franzblau with disordered and missing pages. That allegation also does not state a claim for relief, but during the discovery phase of the lawsuit, Owens may request specific materials that he believes are not part of the medical file that he has already received.

ORDER

IT IS ORDERED that:

1. Plaintiff Allan Owens is GRANTED leave to proceed on Eighth Amendment medical care claims and Wisconsin-law medical malpractice or negligence claims against defendants Robert Franks, Randall Hepp, M. Meisner, Dr. Larson, C. Whitman, Ray Palop, Roger Krantz, and Paul Whitehead.

2. Plaintiff's motion to supplement his complaint, Dkt. 146, is DENIED.

3. The remaining defendants are DISMISSED from the case.

4. The Wisconsin Department of Justice may have until May 4, 2022, to notify the court whether it will accept service for new defendants Franks, Meisner, Larson, Whitman, Palop, Krantz, and Whitehead.

5. After defendants are served, the clerk of court is directed to set a preliminary pretrial conference before Magistrate Judge Stephen Crocker to set a schedule for the remainder of the case.

6. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered April 13, 2022.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge